## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HOWARD PIKE, M.D., | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 1:22-cv-03120-ELR-JEM |
| v. | ) ) |  |
| THE SOUTHEAST PERMANENTE MEDICAL GROUP, INC., | ) ) ) | |
| Defendant. | ) |  |

## ANSWER

Defendant The Southeast Permanente Medical Group, Inc. ("TSPMG" or "Defendant"), by and through its undersigned counsel, submits the following Answer to the First Amended Complaint filed by Plaintiff, Howard Pike, M.D., pursuant to the numbered paragraphs contained therein.

### Response to Unnumbered Section Entitled "Plaintiff's First Amended Complaint"

TSPMG admits that Plaintiff alleges claims and seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* TSPMG expressly denies that it violated Plaintiff's rights under the ADA and further denies that Plaintiff is entitled to any relief whatsoever.

1

## Response to Section Entitled "Jurisdiction and Venue"

1.

TSPMG avers it employed Plaintiff from on or around February 15, 2016 until he voluntarily resigned on December 21, 2021. TSPMG is without information sufficient to form a belief regarding Plaintiff's citizenship or residence and, therefore, denies the same. TSPMG denies the remaining allegations in this paragraph.

2.

TSPMG avers that TSPMG is a Georgia Professional Corporation, that TSPMG and Kaiser Foundation Health Plan of Georgia, Inc. ("KFHP") together operate an integrated health care delivery system known as Kaiser Permanente. TSPMG admits that its principal office address is 3495 Piedmont Road, 9 Piedmont Center, Atlanta, Georgia 30305 and its registered agent is Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 in Gwinnett County. TSPMG admits that it is a covered entity within the meaning of 42 U.S.C. § 12111(2).

3.

TSPMG admits that Plaintiff has invoked the court's jurisdiction and that Plaintiff alleges claims arising under the ADA. TSPMG denies that Plaintiff has

stated claims upon which relief may be granted. The remaining allegations in this paragraph state a legal conclusion, to which no response is required. To the extent a response is required, TSPMG denies the remaining allegations in this paragraph.

4.

TSPMG admits that venue is proper because TSPMG conducts business in Georgia, but TSPMG expressly denies that it violated Plaintiff's rights or engaged in any unlawful employment practices.

5.

TSPMG avers that Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and that Plaintiff's Charge speaks for itself.  TSPMG denies the remaining allegations in this paragraph.

6.

TSPMG is without information sufficient to form a belief regarding the allegations in this paragraph and, therefore, denies the same.

**Response to Section Entitled "Factual Background"**

7.

TSPMG admits that it employed Plaintiff until he voluntarily resigned effective December 21, 2021 and that Plaintiff served as the Chief of the Podiatry

Department for a period of time. TSPMG denies the remaining allegations in this paragraph.

8.

This paragraph states legal conclusions to which no response is required. To the extent a response is required, TSPMG denies the allegations in this paragraph.

9.

TSPMG denies the allegations in this paragraph.

10.

TSPMG admits it created a Medicine in Management program and that Plaintiff participated in the program. TSPMG denies the remaining allegations in this paragraph.

11.

TSPMG denies the allegations in this paragraph.

12.

TSPMG denies the allegations in this paragraph.

13.

TSPMG denies the allegations in this paragraph.

14.

TSPMG denies the allegations in this paragraph.

15.

TSPMG denies the allegations in this paragraph.

16.

TSPMG admits that Plaintiff ceased performing surgeries on or about June 30, 2020. TSPMG denies the remaining allegations in this paragraph.

17.

TSPMG denies the allegations in this paragraph.

18.

TSPMG denies the allegations in this paragraph.

19.

TSPMG denies the allegations in this paragraph.

20.

TSPMG avers that it offered Plaintiff multiple accommodations, including a reduced work schedule and compensated Plaintiff accordingly. TSPMG denies the remaining allegations in this paragraph.

21.

TSPMG admits that Plaintiff requested changes to his work responsibilities during his employment. TSPMG denies the remaining allegations in this paragraph.

5

22.

TSPMG admits that Plaintiff continued to work as an interim Department Chief for a period of time after he was no longer performing surgery. TSPMG denies the remaining allegations in this paragraph.

23.

TSPMG admits that Plaintiff stepped down from the Chief position in or around May, 2021. TSPMG denies the allegations in this paragraph.

24.

TSPMG avers that Plaintiff's physician's note speaks for itself. TSPMG denies the remaining allegations in this paragraph.

25.

TSPMG admits there was insufficient non-face-to-face ("NF2F") work available for Plaintiff to work exclusively NF2F. TSPMG denies the remaining allegations in this paragraph.

26.

TSPMG denies the allegations in this paragraph.

27.

TSPMG denies the allegations in this paragraph.

6

28.

TSPMG admits that prior to the pandemic, podiatry and orthopedic physicians' work did not include substantial amounts of NF2F work. TSPMG avers that during the pandemic, NF2F appointments temporarily increased, but the demand for NF2F appointments was not sustained. TSPMG denies the remaining allegations in this paragraph.

29.

TSPMG denies the allegations in this paragraph.

30.

TSPMG avers that the EEOC's Technical Assistance Guidance speaks for itself. TSPMG denies the remaining allegations in this paragraph.

31.

TSPMG avers that the CDC's publication speaks for itself. TSPMG denies the remaining allegations in this paragraph.

32.

The allegations in this paragraph provide a website, to which no response is required. To the extent a response is required, TSPMG avers that the website address speaks for itself. TSPMG denies the remaining allegations in this paragraph.

33.

TSPMG denies the allegations in this paragraph.

34.

TSPMG admits that Plaintiff resigned his employment in December 2021.

TSPMG avers that Plaintiff's resignation was voluntary. TSPMG denies the

remaining allegations in this paragraph.

**Response to Section Entitled "Count I: Discrimination Under the ADA"**

35.

TSPMG incorporates its responses to the foregoing paragraphs as if set forth

fully herein.

36.

TSPMG denies the allegations in this paragraph.

37.

TSPMG denies the allegations in this paragraph.

38.

TSPMG denies the allegations in this paragraph.

39.

TSPMG denies the allegations in this paragraph.

40.

TSPMG denies the allegations in this paragraph. TSPMG expressly denies

that it violated Plaintiff's rights under the ADA and further denies that Plaintiff is

entitled to any relief whatsoever.

**<u>Response to Section Entitled "Count II: Failure to Reasonably Accommodate</u>**
**<u>as Required by the ADA"</u>**

41.

TSPMG incorporates its responses to the foregoing paragraphs as if set forth

fully herein.

42.

TSPMG denies the allegations in this paragraph.

43.

TSPMG denies the allegations in this paragraph.

44.

TSPMG denies the allegations in this paragraph.

45.

TSPMG denies the allegations in this paragraph.

46.

TSPMG denies the allegations in this paragraph.

47.

TSPMG denies the allegations in this paragraph.

48.

TSPMG denies the allegations in this paragraph. TSPMG expressly denies

that it violated Plaintiff's rights under the ADA and further denies that Plaintiff is

entitled to any relief whatsoever.

**Response to Section Entitled "Count III: Retaliation Prohibited by the ADA"**

49.

TSPMG incorporates its responses to the foregoing paragraphs as if set forth

fully herein.

50.

TSPMG denies the allegations in this paragraph.

51.

TSPMG denies the allegations in this paragraph.

52.

TSPMG denies the allegations in this paragraph.

53.

TSPMG denies the allegations in this paragraph. TSPMG expressly denies

that it violated Plaintiff's rights under the ADA and further denies that Plaintiff is

entitled to any relief whatsoever.

**Response to Section Entitled "Count IV: "Regarded as" Discrimination
Prohibited by the ADA"**

54.

TSPMG incorporates its responses to the foregoing paragraphs as if set forth

fully herein.

55.

TSPMG denies the allegations in this paragraph.

56.

TSPMG denies the allegations in this paragraph. TSPMG expressly denies

that it violated Plaintiff's rights under the ADA and further denies that Plaintiff is

entitled to any relief whatsoever.

**RESPONSE TO SECTION ENTITLED "PRAYER FOR RELIEF"**

TSPMG denies that Plaintiff is entitled to any of the relief requested in the

Complaint or to any other relief whatsoever against TSPMG.

## AFFIRMATIVE DEFENSES

As and for its separate affirmative defenses to the Complaint, TSPMG states as follows:

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent they arise beyond the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust the administrative prerequisites for bringing such claims.

### Fourth Affirmative Defense

Plaintiff's claims of discrimination are barred on the grounds that he was not treated less favorably than any similarly situated individual.

### Fifth Affirmative Defense

Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged discrimination, failure to accommodate, or retaliation,

TSPMG promptly investigated the report and took prompt and appropriate remedial action.

## Sixth Affirmative Defense

All actions taken with regard to Plaintiff were based on reasonable, legitimate factors and were without any discriminatory or retaliatory intent, purpose, or effect.

## Seventh Affirmative Defense

Plaintiff cannot prove any discriminatory, retaliatory, or other unlawful conduct by TSPMG.  Alternatively, even if Plaintiff could prove any discriminatory, retaliatory, or unlawful conduct by TSPMG, which Plaintiff cannot, TSPMG would have made the same decisions and taken the same actions without regard to any alleged discriminatory, retaliatory, or unlawful motive.

## Eighth Affirmative Defense

Plaintiff's claims of discrimination are barred on the grounds that TSPMG did not take any adverse employment action with respect to the Plaintiff.

## Ninth Affirmative Defense

Plaintiff is not a "qualified individual" with a "disability" within the meaning of the ADA, nor did TSPMG "regard" him as disabled within the meaning of the ADA.

### Tenth Affirmative Defense

Plaintiff does not have a physical or mental impairment that substantially limits any major life activity.

### Eleventh Affirmative Defense

Plaintiff failed to request a reasonable accommodation under the ADA.

### Twelfth Affirmative Defense

Without conceding that Plaintiff is a qualified person with a disability, to the extent that Plaintiff requested an accommodation, such accommodation was not reasonable, not available, was unduly disruptive, or posed an undue burden on TSPMG.

### Thirteenth Affirmative Defense

To the extent that Plaintiff refused any proposed reasonable accommodation(s), TSPMG is not liable.

### Fourteenth Affirmative Defense

Without conceding that Plaintiff is a qualified person with a disability, or that he made any request for a reasonable accommodation, TSPMG at all times engaged in the interactive process and made a good faith effort to provide Plaintiff with reasonable accommodations.

### Fifteenth Affirmative Defense

Without conceding that Plaintiff suffered any damages as a result of any of the alleged wrongful acts by TSPMG, Plaintiff's request for damages is barred because Plaintiff voluntarily resigned and/or failed to properly mitigate his damages, in whole or in part.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction, laches, estoppel, unclean hands, and waiver.

### Seventeenth Affirmative Defense

TSPMG has taken reasonable steps to prevent and correct any alleged discrimination or retaliation in its workplace.

### Eighteenth Affirmative Defense

Plaintiff's claims that were not included in Plaintiff's charge filed with the EEOC, or investigated by the EEOC, are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

### Nineteenth Affirmative Defense

Some or all of Plaintiff's claims are barred because TSPMG exercised reasonable care to prevent the type of misconduct alleged in the Complaint and took prompt remedial action to stop and/or correct any such conduct.

## Twentieth Affirmative Defense

Even if any alleged discrimination or retaliation occurred, which TSPMG denies, some or all of Plaintiff's claims are barred to the extent Plaintiff failed to complain about any alleged discrimination or retaliation, failed to put TSPMG on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by TSPMG, and failed to provide TSPMG a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## Twenty-First Affirmative Defense

The relief sought by Plaintiff is barred, in whole or in part, because TSPMG took no action with malice, bad faith, or with reckless indifference or disregard for any of Plaintiff's rights, and any action TSPMG took with respect to the allegations in the Complaint were undertaken in good faith and in the exercise of TSPMG's business judgment.

## Twenty-Second Affirmative Defense

Plaintiff's claims do not satisfy the legal or factual prerequisites for compensatory or punitive damages, and any award for or recovery of compensatory or punitive damages against TSPMG is in contravention of

TSPMG's constitutional rights under the United States Constitution and the

Constitution for the State of Georgia.

### Twenty-Third Affirmative Defense

Plaintiff's claimed damages may be limited by, or TSPMG's liability may be

precluded by, Plaintiff's unwillingness or inability to return to work with TSPMG.

### Twenty-Fourth Affirmative Defense

Upon information and belief, Plaintiff's claims are barred, and his damages

are limited, by after-acquired evidence independently sufficient to justify his

termination.

### Twenty-Fifth Affirmative Defense

Any recovery on Plaintiff's Complaint and each purported claim alleged

therein is barred in whole or in part because TSPMG maintained policies

prohibiting unlawful conduct and intended to foster a work environment free from

discrimination and retaliation that also provide for investigation of all such claims.

### Twenty-Sixth Affirmative Defense

TSPMG's policies, practices and procedures are in conformity with all

applicable governmental codes and regulations existing at all relevant times, and

no legal liability may be imposed on TSPMG for any such conforming policies,

practices, and procedures.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred because he did not engage in any statutorily protected conduct.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred because any employment decisions TSPMG made with respect to Plaintiff were wholly unrelated to any statutorily protected conduct in which Plaintiff allegedly engaged, and TSPMG would have made the same employment decisions regardless of whether Plaintiff engaged in any statutorily protected conduct.

### Twenty-Ninth Affirmative Defense

The damages Plaintiff allegedly sustained, if any, were not proximately caused by TSPMG.

### Thirtieth Affirmative Defense

TSPMG is entitled to recover all costs and attorneys' fees incurred in this action insofar as the claims alleged in the Complaint are frivolous, unreasonable, and without foundation.

### Thirty-First Affirmative Defense

As to Plaintiff's claim for equitable relief, those claims and prayer for relief are barred because Plaintiff has an adequate remedy at law.

### Thirty-Second Affirmative Defense

Plaintiff is not entitled to a trial by jury on some or all of the claims asserted in the Complaint.

### Thirty-Third Affirmative Defense

TSPMG reserves the right to assert any additional defenses, whether affirmative or otherwise, about which TSPMG currently lacks sufficient knowledge or information, but which may become available to TSPMG during the course of this litigation through discovery or other means.

**WHEREFORE**, having fully answered Plaintiff's Complaint, TSPMG requests that Plaintiff's Complaint be dismissed with prejudice, that each and every prayer for relief be denied, and that judgment be entered in favor of TSPMG and against Plaintiff, with costs and attorneys' fees assessed against Plaintiff, and that the Court grant any other relief that it deems just and proper.

Respectfully submitted this 12th day of September, 2022.

*/s/Katherine L. Kendricks*
Allegra J. Lawrence (GA Bar No. 439797)
Katherine L. Kendricks (GA Bar No. 364012)
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, Suite 1650
Atlanta, Georgia 30309
Telephone:  (404) 400-3350
Facsimile:   (404) 609-2504
Allegra.Lawrence-Hardy@lawrencebundy.com
Katherine.Kendricks@lawrencebundy.com

19

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2022, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Gary R. Kessler, Esq.
Gary R. Kessler P.C.
2573 Apple Valley Road NE
Atlanta, GA 30319
gkessler@martensonlaw.com

*/s/ Katherine L. Kendricks*
Allegra J. Lawrence (GA Bar No. 439797)
Katherine L. Kendricks (GA Bar No. 364012)
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, Suite 1650
Atlanta, Georgia 30309
Telephone:  (404) 400-3350
Facsimile:   (404) 609-2504
Allegra.Lawrence-Hardy@lawrencebundy.com
Katherine.Kendricks@lawrencebundy.com

*Attorneys for Defendant*