# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOWARD PIKE, M.D., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No. |
| v. | : 1:22cv03120-ELR-JEM |
| | : |
| THE SOUTHEAST PERMANENTE | : |
| MEDICAL GROUP, INC., | : |
| | : |
| Defendant. | : |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Howard Pike M.D. (herein "Dr. Pike" or "Plaintiff"), in the above-referenced civil action, by and through his counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 84.1, submits his initial disclosures as follows:

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what the Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Dr. Pike's claim is brought under the American's with Disabilities Act, 42 USC Sec. 12101 et seq., alleging that he was subjected to discrimination because of his disability (Count I), that he was not provided a reasonable accommodation (Count II), that he was retaliated (Count III) against  and that he was "regarded as" disabled (Count IV).

Dr. Pike, an orthopedic surgeon, was employed by The Southeast Permanente. on several occasions between June 2020 and October 2022, Dr. Pike contends that he was discriminated against, retaliated against and that Permanente failed to accommodate him.

In June 2020, following his contacting COVID, Dr. Pike was diagnosed with a heart condition which impacted his ability to operate as an orthopedic surgeon. As a result, Permanente reduced his work from five days to four days a week.

In May 2021, Dr. Pike's work hours were further reduced, from four days to three days a week, because he was no longer Department Chief of the Dietary Department.

In both instances of reduced hours, Dr. Pike requested reasonable accommodations, which were denied by Permanente.

In August 2021, Dr. Pike was told that he would be required to work three days a week treating patients face-to-face, and that if he sought to treat patients remotely, by IVV, that he would only be allowed to work one half day a week and that his schedule would become permanent.

Because of Dr. Pike's treating physician's recommendation that he not treat patients face-to-face, Dr. Pike chose to work one half day a week, but because of that minimal work schedule imposed on him by Permanente, he was constructively terminated on or about December 15, 2021.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

   a. The Americans with Disabilities Act, 42 USC Sec. 12101 et seq (discrimination, failure to accommodate, retaliation and "regarded as" discrimination).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

   a. See Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.**

   a. At present, an expert witness has not been identified, but this information will be provided once that identification is made.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

   a. See Attachment C, attached hereto.

**(6) In the space provided below, provide a computation of any category of**

**damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available inspection and copying as under Fed.R.Civ.P. 34.**

    a. See Attachment D

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

    a. Not applicable as to Plaintiff.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

    a. None to the knowledge of Plaintiff.

**This 19th day of October 2022.**

    Respectfully submitted,

    **GARY R. KESSLER, P.C.**

    */s/ Gary R. Kessler*
    Georgia Bar No. 416562
    2573 Apple Valley Road, N.E.
    Atlanta, Georgia 30319
    Telephone: (404) 237-1020
    Facsimile: (404) 909-8120
    gkessler@martensonlaw.com
    Attorney for Plaintiff

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HOWARD PIKE, M.D.,** : | |
| Plaintiff, : | |
| : | **Civil Action No.** |
| v. : | **1:22cv03120-ELR-JEM** |
| : | |
| **THE SOUTHEAST PERMANENTE** : | |
| **MEDICAL GROUP, INC.,** : | |
| : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, a true and correct copy of **PLAINTIFF'S INITIAL DISCLOSURES** were served via electronic mail on the following counsel of record for Defendant:

Allegra Lawrence Hardy
Katherine Kendricks
**Lawrence & Bundy LLC**
1180 West Peachtree St., NW, Suite 1650
Atlanta, GA  30309
allegra.lawrence-hardy@lawrencebundy.com
katherine.kendricks@lawrencebundy.com

Respectfully submitted,

**GARY R. KESSLER, P.C.**

*/s/ Gary R. Kessler*
Georgia Bar No. 416562
2573 Apple Valley Road, N.E.